- i -

Aleksandr Felstiner
Levy Ratner, P.C.
80 8th Ave., 8th Fl.
New York, NY 10011
212-627-8100
afelstiner@levyratner.com
Bar: 281906
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHEYNE ANDERSON, JESUS CASTELLANO, HANNAH MIRZA, KATHLEEN O'BEIRNE, SETH TAYLOR, WILLIAM VAN DER LAAR, MARK WESLEY DUDLEY, RACHEL WESTRICK, JIAJUN XU, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>　　　　　　　　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>GOOGLE LLC,<br><br>　　　　　　　　　　　　　　　Defendant. | Case No. 5:25-cv-03268-BLF<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT; MEMORANDUM Of POINTS AND AUTHORITIES IN SUPPORT**<br><br>Class Action<br><br>Date: October 20, 2025<br>Time: 9:00 a.m.<br>Dept.: Courtroom 1<br>Judge: Hon. Beth Labson Freeman |

- i -

**TABLE OF CONTENTS**

FACTUAL BACKGROUND ........................................................................................................ 2

ARGUMENT .................................................................................................................................. 4

I.      THE COURT SHOULD GRANT LEAVE TO AMEND BECAUSE THERE IS NO PREJUDICE, BAD FAITH, UNDUE DELAY, OR FUTILITY ................................. 4

      A.    There is no prejudice, as discovery has not begun and the proposed amendment adds no new theories or causes of action ............................................ 5

      B.    Plaintiffs acted promptly to add proposed plaintiffs, causing no undue delay ................................................................................................................... 6

      C.    Plaintiffs' prompt action and transparency preclude a finding of bad faith or dilatory motive ........................................................................................... 7

      D.    Plaintiffs' proposed amendment is not futile; it would strengthen standing and class representation for New York Claims and clarify the pleaded conduct of individual named plaintiffs ................................................................. 7

II.     THE PROPOSED AMENDMENT WOULD SERVE THE INTERESTS OF JUDICIAL ECONOMY ........................................................................................... 9

CONCLUSION .............................................................................................................................. 9

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Eminence Capital, LLC v. Aspeon, Inc.*,
   316 F.3d 1048 (9th Cir. 2003) ...................................................................................................5
*Entangled Media, LLC v. Dropbox Inc.*,
   348 F.R.D. 649 (N.D. Cal. 2025)........................................................................................5, 7, 8
*Foman v. Davis*,
   371 U.S. 178 (1962) ...................................................................................................................5
*Fujifilm Corp. v. Motorola Mobility LLC*,
   No. 12-CV-03587-WHO, 2014 WL 2730724 (N.D. Cal. June 16, 2014)..................................7
*Hurn v. Ret. Fund Tr. of Plumbing, Heating & Piping Indus. of S. California*,
   648 F.2d 1252 (9th Cir. 1981) ...................................................................................................6
*Jackson v. Bank of Hawaii*,
   902 F.2d 1385 (9th Cir. 1990) ...............................................................................................5, 6
*Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*,
   708 F.3d 1109 (9th Cir. 2013) ...................................................................................................5
*United States v. Webb*,
   655 F.2d 977 (9th Cir. 1981) .....................................................................................................5

**Statutes**

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)................................................4

**Rules**

Civil L.R. 3.4(c)..............................................................................................................................3
Federal Rule of Civil Procedure 15(a) ..........................................................................3,4,7,8,9
Federal Rule of Civil Procedure 23................................................................................................2
Federal Rule of Civil Procedure 42................................................................................................9

**Regulations**

29 C.F.R. § 1601.28 .......................................................................................................................4

## NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 20, 2025, at 9:00AM in Courtroom 1 of the United States District Court for the Northern District of California, located at 280 South 1st Street, San Jose, California 95113, pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiffs Cheyne Anderson, Jesus Castellano, Hannah Mirza, Kathleen O'Beirne, Seth Taylor, William Van Der Laar, Mark Wesley Dudley, Rachel Westrick, and Jiajun Xu ("Plaintiffs"), individually and on behalf of all others similarly situated, through their attorney, will and hereby do respectfully move this Court for an Order granting Plaintiffs' Motion for Leave to Amend.

Plaintiffs request leave to add five additional plaintiffs, and to include several additional factual allegations that clarify the conduct of the individual plaintiffs at the relevant times. This Motion is supported by a Memorandum of Points and Authorities, the [Proposed] Order filed herewith, the Declaration of Alexis Boyd filed herewith, which contains a copy of the [Proposed] Second Amended Complaint, and the pleadings and records on file in this action.

## RELIEF REQUESTED

Plaintiffs should be granted leave to amend, pursuant to Rule 15 of the Federal Rules of Civil Procedure, the Clerk should be ordered to file the [Proposed] Second Amended Complaint, Defendant's pending Motion to Dismiss (ECF No. 22) should be dismissed as moot, and the scheduling order (ECF No. 26) should be appropriately adjusted.

Dated:  September 10, 2025

Respectfully submitted,

LEVY RATNER, P.C.

By: _____
Aleksandr L. Felstiner
Alexis S. Boyd
*Attorneys for Plaintiffs*

- 1 -

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

Plaintiffs Cheyne Anderson, Jesus Castellano, Hanna Mirza, Kathleen O'Beirne, Seth Taylor, William Van Der Laar, Mark Wesley Dudley, Rachel Westrick, and Jiajun Xu (together, "Plaintiffs" or "Named Plaintiffs") seek leave to add certain additional plaintiffs (the "Proposed Plaintiffs") to this action, and to modify the pleadings to clarify certain pleaded facts. The Proposed Plaintiffs lived and worked in New York at all relevant times, so adding them would solidify standing and provide additional class representatives for Plaintiffs' New York claims. Inconsistent EEOC processing times prevented the Proposed Plaintiffs from joining earlier. The proposed clarifications to the pleaded facts would address the numerosity requirement under FRCP Rule 23 and flesh out the allegations concerning the protected activity of each plaintiff.

Granting leave to amend is proper because Defendant would suffer no prejudice. Discovery has not yet begun the parties have not even exchanged initial disclosures. Plaintiffs acted as promptly as possible under the circumstances, avoiding undue delay and proceeding with good faith and transparency. The proposed Second Amended Complaint ("SAC") would cure potential deficiencies in the pleading and provide a more detailed set of allegations for each plaintiff, which should assist the Court in ruling on class certification and focusing discovery. Allowing joinder of the Proposed Plaintiffs would also serve judicial economy by avoiding duplicative litigation and unnecessary consolidation proceedings. For these reasons, as set forth more fully below, the Court should grant Plaintiffs' Motion.

## FACTUAL BACKGROUND

Plaintiffs allege that Defendant Google, LLC ("Defendant" or "Google") fired them and other employees for participation (or perceived participation) in a protest opposing discrimination against Arab, Palestinian, and Muslim employees. The First Amended Complaint

- 2 -

("FAC") includes federal, state, and local retaliation and/or discrimination claims, all arising from these discharges. *See* ECF No. 8, ¶¶ 79-139. Plaintiffs bring these claims on behalf of themselves and other employees fired by Google at the same time, for the same reason. *See id.* ¶¶ 69-78.

Plaintiffs filed their initial complaint on April 11, 2025 (*see* ECF No. 1), and filed the FAC one week later to correct a signature and conform the pleading to Local Rule 3.4(c). This resulted in exhaustion of their one amendment "as a matter of course" available under Federal Rule of Civil Procedure 15(a)(1)(A). The SAC would modify the FAC as follows:

(1) Addition of Proposed Plaintiffs Tina Liu, Evan McElheny, Zachary Siegel, Eric Spishak-Thomas, and Alec Story, all of whom lived and worked in New York at all relevant times (*See* SAC ¶¶ 4-5, 8-10) (Exh. 1 to the Declaration of Alexis Boyd ("Boyd Decl.");

(2) Additional details on the conduct of Named Plaintiffs Anderson, Mirza, O'Beirne, Van der Laar, Wesley Dudley, Westrick, and Xu during the Sunnyvale action on April 16, 2024 (SAC ¶¶ 39, 42, 44);

(3) Details on the conduct of Named Plaintiffs Castellano and Taylor, and of Proposed Plaintiffs, during the NYC action on April 16, 2024 (SAC ¶¶ 53-55, 58, 65, 67-71);

(4) Addition of Proposed Plaintiffs to the list of employees discharged by Defendant (SAC ¶¶ 74-75);

(5) Addition of estimated number of discharged employees/class members (SAC ¶¶ 76, 80);

(6) Addition of Proposed Plaintiffs to New York state and local causes of action (SAC ¶¶ 107-10, 113-16, 140-43.

Both the Named Plaintiffs and the Proposed Plaintiffs filed EEOC charges in winter of 2024, represented by the same counsel. Boyd Decl. ¶¶ 4-5. EEOC issued right-to-sue letters for all but one of the Named Plaintiffs in January, 2025. *See* Att. A to the FAC). Under 42 U.S.C. § 2000e-5(f)(1), Named Plaintiffs had only ninety days to file this action after receiving their right-to-sue letters. They did so. None of the Proposed Plaintiffs had yet received their right-to-sue letters at that time. *See* Boyd Decl. ¶¶ 7. Under 42 U.S.C. § 2000e-5(f), and 29 C.F.R. § 1601.28, at least 180 days must pass without action by EEOC before a charging party can request and receive a right-to-sue letter. As of April 17, 2025, that period had not passed for any of the Proposed Plaintiffs. Boyd Decl. ¶ 5.

Google filed a Motion to Dismiss on June 16, 2025. *See* ECF No. 22 (hereinafter "Def's Mot. to Dismiss"). The Proposed Plaintiffs still had not received their right-to-sue letters at that time, but the 180-day period had passed by then, so the Proposed Plaintiffs could request right-to-sue letters from EEOC in order to join this action. Boyd Decl. ¶ 5. By letter filed on July 25, 2025, Plaintiffs notified the Court and Defendant of the disparity in EEOC processing times, the pending requests for right-to-sue letters on behalf of "East Coast clients," and Plaintiffs' anticipated Motion for Leave to Amend. *See* ECF No. 29.

Google's Motion to Dismiss is now fully briefed and pending oral argument on September 18, 2025. The parties have not yet exchanged initial disclosures, and the Court has stayed discovery pending resolution of Defendant's Motion to Dismiss. *See* ECF No. 26.

**ARGUMENT**

**I.  THE COURT SHOULD GRANT LEAVE TO AMEND BECAUSE THERE IS NO PREJUDICE, BAD FAITH, UNDUE DELAY, OR FUTILITY**

Prior to trial, a "court should freely give leave [to amend] when justice so requires." Fed. R. of Civ. Proc. 15(a)(2). Leave to amend should be granted with "extreme liberality" and denied

- 4 -

only "where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *United States v. Webb*, 655 F.2d 977, 979-80 (9th Cir. 1981); *see also Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) ("Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'") (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). None of those elements are present here.

### A. THERE IS NO PREJUDICE, AS DISCOVERY HAS NOT BEGUN AND THE PROPOSED AMENDMENT ADDS NO NEW THEORIES OR CAUSES OF ACTION

"[T]he consideration of prejudice to the opposing party carries the greatest weight" among the factors considered on a motion for leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Plaintiffs' proposed amendment creates no prejudice to Google because discovery has not begun, and the addition of parties and minor factual details to the complaint will not create any specific hardships. *See Entangled Media, LLC v. Dropbox Inc.*, 348 F.R.D. 649, 656 (N.D. Cal. 2025) (finding no prejudice where opposing party failed to "demonstrate[] specific instances of hardship").

None of circumstances that might justify a finding of prejudice exist here. Plaintiffs do not "advance different legal theories" that would "require proof of different facts." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (finding prejudice where plaintiff sought to add new causes of action after completion of discovery). The SAC contains the same causes of action and basic factual allegations as the FAC, with additional details that will assist the Court and the Defendant in understanding the alleged conduct of the Named Plaintiffs, Proposed

- 5 -

Plaintiffs, and Class Members. Granting leave to amend would in no way impede Google's ability to "be fully prepared to litigate the substantive issues," because "the operative facts remain the same." *Hurn v. Ret. Fund Tr. of Plumbing, Heating & Piping Indus. of S. California*, 648 F.2d 1252, 1254 (9th Cir. 1981) (finding no prejudice even where plaintiff sought to add a new claim, where both new and old claims arose from the "same operative facts" and defendant identified no "specific shortcomings in discovery"). The Proposed Plaintiffs already filed EEOC retaliation charges, so Google can hardly claim surprise at finding their names in the caption of the SAC.

Plaintiffs recognize that Google expended time and resources to prepare and brief its Motion to Dismiss. As noted above, this outcome was unavoidable. But the SAC adds no new causes of action, nor does it materially alter the pleaded facts. So, although Plaintiffs do not believe Google offered any meritorious arguments for dismissal, granting leave to amend would not nullify that work. Those same arguments remain available should Google wish to file a new motion. Moreover, denying leave to amend could result in more effort for Defendant. If the Proposed Plaintiffs are unable to join this action they will likely file their own, which would multiply Defendant's work.

B. **PLAINTIFFS ACTED PROMPTLY TO ADD PROPOSED PLAINTIFFS, CAUSING NO UNDUE DELAY**

Courts evaluating undue delay will normally ask "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson*, 902 F. 2d at 1388. That question does not apply here. Whether the Named Plaintiffs knew about the Proposed Plaintiffs' claims or not, the Proposed Plaintiffs could not join at the

time of the original complaint. The proper question is whether Plaintiffs acted without undue delay once joinder of the Proposed Plaintiffs became possible. They did.

There was also no undue delay with respect to the clarifying allegations Plaintiffs seek to add to the pleaded facts. *See* SAC ¶¶ 39, 42, 44, 53-55, 58, 65, 67-71, 76. Approximately four months have passed since the original complaint was filed on April 11, 2025. Discovery has not begun and the parties have not even had an initial conference with the Court. Plaintiffs offer these amendments to the pleadings to tell a fuller version of the story, in response to Google's Motion to Dismiss. Had Plaintiffs not already exhausted their one amendment "as a matter of course," these additional facts (and the Proposed Plaintiffs) could have gone into an amended pleading under FRCP 15(a)(1)(B). As it is, Plaintiffs must request the Court's leave. They have done so prior to the start of discovery, prior to the initial case conference, and prior to oral argument on Google's Motion to Dismiss. No undue delay occurred.

### C. PLAINTIFFS' PROMPT ACTION AND TRANSPARENCY PRECLUDE A FINDING OF BAD FAITH OR DILATORY MOTIVE

The Court cannot find bad faith or dilatory motive where Plaintiffs promptly notified the Court and the Defendant about the likelihood of this Motion. Plaintiffs have filed this request prior to disposition of the pending Motion to Dismiss and prior to the start of discovery, to avoid unnecessary or duplicative proceedings. These actions demonstrate good faith.

### D. PLAINTIFFS' PROPOSED AMENDMENT IS NOT FUTILE; IT WOULD STRENGTHEN STANDING AND CLASS REPRESENTATION FOR NEW YORK CLAIMS AND CLARIFY THE PLEADED CONDUCT OF INDIVIDUAL NAMED PLAINTIFFS

"Courts rarely deny a motion for leave to amend for reason of futility." *Entangled Media,* 348 F.R.D. at 656 (*citing Fujifilm Corp. v. Motorola Mobility LLC*, No. 12-CV-03587-WHO,

2014 WL 2730724, at *5 (N.D. Cal. June 16, 2014)). "Where a proposed amended claim involves complicated factual or legal issues, it is generally preferable for the sufficiency of that claim to be addressed on a fully briefed motion to dismiss rather than under the more circumscribed Rule 15(a) 'futility' analysis." *Id.*

Here, Google will doubtless argue that amendment would be futile because Plaintiffs have not pleaded "protected activity" under any of their retaliation-based claims. *See* Def's Mot. to Dismiss, pp. 7-12. Plaintiffs' opposition brief fully rebuts this argument in detail. *See* Plaintiffs' Opposition (hereinafter "Pls' Opp."), ECF No. 28, pp. 4-8, 11-12. In any event, the factual questions surrounding the conduct of each Named Plaintiff and Proposed Plaintiff are not properly resolved through "Rule 15(a) futility analysis." *Entangled Media*, 348 F.R.D. at 656. If anything, the additional allegations in the SAC highlight the disputed issues of fact, making a "fully briefed motion" all the more necessary.

Although Plaintiffs maintain that the FAC contains adequate pleadings on all claims, including New York state and city claims, Google views these New York pleadings as deficient. *See* Def's Mot. to Dismiss, p. 14. If the Court was previously inclined to agree with Google, the proposed addition of New York-based plaintiffs would cure that purported deficiency. Similarly, if the Court was previously skeptical of Plaintiffs' class claims based on the absence of pleadings establishing numerosity, *see* Def's Mot. to Dismiss, p. 17, the proposed amendment would clarify the estimated class size to be at least 50 people, *i.e.*, above the "numerosity" threshold. *See* Pls' Opp. at 18-19.

## II. THE PROPOSED AMENDMENT WOULD SERVE THE INTERESTS OF JUDICIAL ECONOMY

Permitting the Proposed Plaintiffs to join this action would obviate the need for them to file a separate action against Google. Duplicative litigation serves no purpose, especially when common questions of law and fact would likely prompt a motion for consolidation under Federal Rule of Civil Procedure 42. Granting leave to amend could avoid that duplication without prejudicing Defendant. It would also simplify the discovery process for parties and witnesses, and permit single dispositive motions (should Google choose to file them) on all pending claims.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion, direct the Clerk to file the SAC, dismiss Google's 12(b)(6) motion as moot, adjust the scheduling order appropriately, and order such other relief as may be just and proper.

Dated:   September 10, 2025
         New York, New York

                                                    LEVY RATNER, P.C.

                                            By:     Aleksandr L. Felstiner
                                                    Alexis S. Boyd
                                                    Attorneys for Plaintiffs