UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHEYNE ANDERSON, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 5:25-cv-03268-BLF<br><br>**ORDER DENYING PARTIES' REQUEST FOR CONTINUATION OF SEPTEMBER 18, 2025, HEARING**<br><br>[Re: ECF No. 32] |

Before the Court is the parties' stipulation and joint request for "adjournment" of the scheduled September 18, 2025, hearing on Defendant's Motion to Dismiss Plaintiff's Complaint. ECF 32. The Request was filed in light on Plaintiff's Motion for Leave to Amend the Complaint. ECF 31.

The Request is DENIED. However, the Court advises the parties that they may stipulate to Plaintiffs obtaining leave to amend their complaint and Defendant withdrawing its Motion to Dismiss without prejudice, with the option to subsequently move to dismiss Plaintiffs' amended complaint.

**I.  BACKGROUND**

Plaintiffs are former employees of Defendant who were terminated after participating in actions protesting certain of Defendant's practices at its offices in Sunnyvale, California, and New York City, New York. *See* Complaint ¶ 1, ECF 8. Plaintiffs initiated this action on April 17, 2025, alleging retaliation, employment discrimination, and wrongful discharge under local, state, and federal law. *Id.* ¶¶ 79–139. According to the Complaint, Plaintiffs participated in protests at Defendant's Sunnyvale and New York offices in opposition to Defendant's purported discrimination and harassment against its Palestinian, Arab, and Muslim employees and one of its

1  contracts with the Israeli government on April 16, 2024. *See id.* ¶¶ 34, 48. Shortly thereafter,
2  Plaintiffs' positions were terminated, and Plaintiffs subsequently filed complaints with the U.S.
3  Equal Employment Opportunity Commission, which issued Notices of Right to Sue under
4  Title VII of the Civil Rights Act. *Id.* ¶¶ 64–68.
5        On June 16, 2025, Defendant filed a Motion to Dismiss the Complaint, arguing that
6  Plaintiffs' activities as described by the Complaint were unreasonable and disruptive and thus not
7  protected by Title VII and urging that the Court should decline to exercise supplemental
8  jurisdiction over the remaining state-law claims. Def.'s Mot. at 7–11, ECF 22. Defendant also
9  argued that Plaintiff's claims under New York law were deficient. *Id.* at 14. A hearing was set for
10 September 18, 2025. *See* ECF 26. Plaintiffs filed their Response on July 25, 2025, and
11 Defendant's filed their Reply on August 28, 2025. *See* ECF Pls.' Response, ECF 28; Def.'s
12 Reply, ECF 30.
13       On September 10, 2025, Plaintiffs filed a Motion for Leave to File an Amended
14 Complaint, for which they appear to have attempted to select a hearing date of October 20, 2025.
15 *See* ECF 31. Plaintiffs requested leave to add five additional plaintiffs to the complaint and "to
16 include several additional factual allegations that clarify the conduct of the individual plaintiffs at
17 the relevant times." *Id.* at 1. On September 12, 2025, the parties filed a joint stipulation and
18 proposed order requesting that the Court continue its hearing on Defendant's Motion to Dismiss in
19 light of Plaintiffs' Motion for Leave to Amend. *See* ECF 32.
20       The Court has subject matter jurisdiction because Plaintiffs allege violation of federal law.
21 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiffs' remaining claims. *Id.*
22 § 1367.

23 **II.   DISCUSSION**
24       Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) "if the complaint
25 fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim."
26 *Sinclair v. City of Seattle*, 61 F.4th 674, 678 (9th Cir. 2023). The complaint "must contain
27 sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"
28 *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

Plaintiffs state in their Motion for Leave to Amend that they do not intend to add any new theories or causes of action in their amended complaint. Pls.' Mot. at 5, ECF 31. Plaintiffs also argue that, while they maintain their view that the Complaint adequately pled all claims (including claims under New York law), the addition of individual plaintiffs would cure the purported deficiencies under New York law identified by Defendant in its Motion to Dismiss. *Id.* at 8. It appears that the amendments that Plaintiffs have identified would have little or no bearing on the Court's consideration of the majority of issues raised in Defendant's Motion to Dismiss, since the addition of five individual plaintiffs would not change the Court's analysis of whether the complaint pleads prohibited retaliation against protected activity under Title VII or whether it should exercise supplemental jurisdiction over the state-law claims.

The Court's consideration of Plaintiffs' Motion for Leave to Amend thus has no bearing on its consideration of Defendant's Motion to Dismiss, and the Court sees no reason at this last date to deviate from the schedule agreed to by the parties. The Court thus declines the parties' invitation to continue the hearing, and the parties are expected to appear in person for a hearing on the motion at 9:00 a.m. on September 18, 2025. In the interest of comity, however, the Court advises the parties that they may stipulate to Defendant providing written consent for Plaintiffs to file an amended complaint and to Defendant withdrawing its Motion to Dismiss without prejudice, such that Defendant may at its choice move to dismiss the amended complaint. Should the parties wish to pursue this arrangement, they must file a stipulation no later than 10:00 a.m., Wednesday, September 17, 2025.

In their Motion for Leave to Amend, Plaintiffs purport to have scheduled a hearing for October 20, 2025, which falls on a Monday. Pursuant to this Court's standing orders, civil motions are heard by reservation only on Thursdays at 9:00 a.m. The Court vacates the October 20, 2025, hearing date and instructs Plaintiffs that they must reserve a hearing date. Plaintiffs shall contact the Courtroom Deputy Clerk in accordance with the Court's standing

3

orders. The Court also directs Plaintiffs to Civil Local Rule 3-4(c)(1) and requests that subsequent filings with the Court use pages with numbered lines.

Lastly, there remains the issue of a letter from Plaintiffs' counsel that was filed with the Court on July 25, 2025, stating that Plaintiffs anticipate filing a Motion for Leave to Amend its Complaint. Plaintiffs are again directed to the Court's standing orders and admonished that such communications are not to be filed. The Letter appearing at ECF 29 will be struck.

### III.  ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

**(1)** The Request for Adjournment of the September 18, 2025, hearing on Defendant's Motion to Dismiss is DENIED and parties are instructed to appear unless they jointly stipulate to permitting Plaintiffs to amend their complaint and permitting Defendant to withdraw its motion to dismiss without prejudice.

**(2)** The October 20, 2025, hearing on Plaintiffs' Motion for Leave to Amend is VACATED.

**(3)** ECF 29 is STRICKEN.

Dated:  September 15, 2025

_____
BETH LABSON FREEMAN
United States District Judge

4