1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

|  |  |
|---|---|
| CHEYNE ANDERSON, et al., | Case No.  5:25-cv-03268-BLF |
| Plaintiffs, |  |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |
| GOOGLE LLC, | [Re:  ECF No. 22] |
| Defendant. |  |

Before the Court is Defendant Google's Motion to Dismiss for failure to state a claim. ECF 22 ("Mot.").  Plaintiffs filed their Response on July 25, 2025, and Defendant filed its Reply on August 28, 2025.  *See* ECF Pls.' Response, ECF 28; Def.'s Reply, ECF 30.  A hearing on the Motion was held on September 18, 2025.  For the reasons that follow, the Motion is GRANTED-IN-PART and DENIED-IN-PART.

## I.    BACKGROUND

Plaintiffs are former employees of Defendant who were terminated after participating in actions protesting certain of Defendant's practices at its offices in Sunnyvale, California, and New York, New York.  *See* Complaint ¶ 1, ECF 8.  Plaintiffs allege retaliation, employment discrimination, and wrongful discharge under local, state, and federal law.  *Id.* ¶¶ 79–139.  Both protests were conducted on April 26, 2024, as part of a Day of Action ("Action") organized by a group of technology industry workers called No Tech for Apartheid.  *Id.* ¶¶ 20–21.  Plaintiffs participated in the Action to oppose Defendant's purported discrimination and discriminatory harassment against Palestinian, Arab, and Muslim employees and business dealings with the government of Israel.  *Id.* ¶ 23.  Plaintiffs received termination notices stating that their conduct violated workplace policies, including Google's Code of Conduct and Policy on Harassment,

Discrimination, Retaliation, Standards of Conduct, and Workplace Concerns. *Id.* ¶¶ 64–66. Plaintiffs subsequently filed complaints with the U.S. Equal Employment Opportunity Commission, which issued Notices of Right to Sue under Title VII of the Civil Rights Act. *Id.* ¶¶ 66–68.

Defendants protesting at the Sunnyvale office (participating in what this order hereinafter refers to as the "SVL Action") entered the building the morning of April 16, 2024, and went up to the sixth floor, which contains a large, open space and a row of executive offices, including the office of Thomas Kurian, head of Google Cloud. *Id.* ¶ 33. Although there is a badge reader near the entrance to the open area, the area was not locked, and the door to Mr. Kurian's unoccupied office was open. *See id.* Around 9:00 a.m., a small group of SVL Action participants entered Mr. Kurian's office and taped a banner up against the inside window that said "Thomas Kurian, Drop Project Nimbus," referring to a cloud-computing contract with the Israeli government; additional signs said "end worker retaliation" and "no AI for military." *Id.* ¶¶ 22, 34. Around 9:45 a.m., security personnel approached some SVL Action participants and requested that they relocate to a common space located on the fourth floor, indicating that the participants' access had been revoked. *Id.* ¶ 38. About ten participants immediately left Mr. Kurian's office once their access was revoked, while five remained and read out a list of the demands over a livestream. *Id.* ¶¶ 39–41. Around 3:30 p.m., security notified those participants that their access had been revoked and that they were being placed on administrative leave, giving them until 5:30 p.m. to leave or be escorted out by police. Around 7:00 p.m., security again asked them to leave—after they declined, they were arrested and removed. *Id.* ¶ 45.

Concurrent with the SVL Action, the protest at Defendant's New York office (the "NYC Action") occurred on the tenth floor "Commons" area in Defendant's office building. *Id.* ¶ 47. The Commons is a three-floor open area spanning the eighth, ninth, and tenth floors and is used by employees to work and socialize. See id. Around noon, NYC Action participants gathered in the Commons area wearing t-shirts for the Action and hung a banner that said "Google Workers Sit In Against Project Nimbus. No Tech for Genocide" off the tenth-floor railing into the atrium. *Id.* ¶ 49. Some participants distributed leaflets while others read out a list of demands out loud. Id.

1    ¶¶ 50–52.  Around 12:15 p.m., security arrived and asked participants to tone down their chanting

2    and take down the banner.  *Id.* ¶ 55.  About one hour later, security formally revoked participants'

3    consent, after which most participants left while four remained.  *Id.* ¶¶ 60–61.  Around 6:00 p.m.,

4    security notified these individuals that they had been placed on administrative leave and requested

5    that they exit the building; after they refused, they were arrested.  Id. ¶ 62.

6        On April 11, 2025, Plaintiffs filed this class action complaint, alleging retaliation in

7    violation of Title VII as well as local and state law claims.  On June 16, 2025, Defendant moved to

8    dismiss, arguing that Plaintiffs' activities as described by the Complaint were not protected and

9    urging the Court to decline to exercise supplemental jurisdiction over the remaining state law

10   claims.  Mot. at 7–11.  A hearing was had on September 18, 2025.

## II.    LEGAL STANDARD

12       Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) "if the complaint

13   fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim."

14   *Sinclair v. City of Seattle*, 61 F.4th 674, 678 (9th Cir. 2023).  The complaint "must contain

15   sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

16   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

17   570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows

18   the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

19   *Id.* at 678.  "While a plaintiff need not plead facts constituting all elements of a prima facie

20   employment discrimination case in order to survive a Rule 12(b)(6) motion to dismiss, courts

21   nevertheless look to those elements to analyze a motion to dismiss, so as to decide, in light of

22   judicial experience and common sense, whether the challenged complaint contains sufficient

23   factual matter, accepted as true, to state a claim for relief that is plausible on its face."  *Achal*

24   *v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 796–97 (N.D. Cal. 2015).

## III.   DISCUSSION

### A.  Title VII

27       To plead a prima facie case of retaliation, a plaintiff must plead (1) protected activity,

28   (2) adverse action, and (3) causation.  *Emeldi v. Univ. of Or.*, 698 F.3d 715, 724 (9th Cir. 2012).

United States District Court
Northern District of California

1  The threshold for making such a case is "minimal." *Id.* Plaintiffs allege that they engaged in a

2  protest against discriminatory conduct by their employer, Comp. ¶¶ 22–23, 31–35, and that they

3  were fired for their participation, *id.* ¶¶ 64–66. Defendant argues that Plaintiffs fail to adequately

4  plead Title VII's protected-activity prong because the complaint on its face demonstrates that the

5  SVL Action and NYC Action were not "reasonable in view of the employer's interest in

6  maintaining a harmonious and efficient operation." Mot. at 7 (quoting *O'Day v. McDonnell*

7  *Douglas Helicopter Co.*, 79 F.3d 756, 763 (9th Cir. 1996) (citation omitted)). At this stage in the

8  proceedings, accepting all factual allegations in the complaint as true and construing the facts in

9  the light most favorable to Plaintiff, the Court finds that the complaint adequately pleads

10  retaliation in violation of Title VII.

11        The Ninth Circuit applies a balancing test in assessing the boundaries of protected

12  oppositional conduct under Title VII, balancing on the one hand "the purpose of the Act to protect

13  persons engaging reasonably in activities opposing . . . discrimination against Congress' equally

14  manifest desire not to tie the hands of employers in the objective selection and control of

15  personnel." *Wrighten v. Metro. Hosps.*, 726 F.2d 1346, 1355 (9th Cir. 1984) (internal quotations

16  omitted). The reasonableness of an employee's conduct is a heavily fact-intensive inquiry that

17  depends upon the specific circumstances and context in which the opposing activity occurred.

18  *See, e.g.*, *Peterson v. Nat'l Sec. Techs.*, No. 12-CV-5025-TOR, 2013 WL 1861895, at *2

19  (E.D. Wash. May 2, 2013); *Woodsford v. Friendly Ford*, No. 2:10-CV-01996-MMD, 2012 WL

20  2521041, at *10 (D. Nev. June 27, 2012). Although Defendant repeatedly characterizes Plaintiffs'

21  conduct as "shocking" and "disruptive," Mot. at 9, the Court agrees with Plaintiffs that additional

22  factual development is required at this stage in the proceedings and that, resolving all inferences in

23  the light most favorable to plaintiffs, dismissal is not warranted. Tellingly, every case Defendant

24  cites in support of its Motion was decided at the summary judgment stage or later, further

25  underscoring the importance of the specific factual circumstances in this case.

26        **B. State Law Claims**

27        Defendant's primary argument with regard to the state law claims mirrors its position as to

28  the Title VII claim and fails at this stage for the reasons described above. *See* Mot. at 11–13.

1    Defendant makes additional arguments as to Counts III, IV, V, and X, which assert violations of

2    the San Francisco Police Code, New York law, and New York City law.

3         As to Count III, Defendant argues that Plaintiffs' claim retaliation in violation of the San

4    Francisco Police Code must be dismissed because it is preempted by California's Fair

5    Employment and Housing Act ("FEHA").  Plaintiffs do not oppose this portion of the motion.

6    The Court agrees.  In FEHA, the state legislature declared its "intention . . . to occupy the field of

7    regulation of discrimination in employment and housing encompassed by the provisions of

8    [FEHA], exclusive of all other laws banning discrimination in employment and housing by any

9    city, city and county, county, or other political subdivision of the state."  Cal. Gov't Code

10   § 12993(c).  Another district court has similarly dismissed retaliation claims under the same

11   ordinance at issue here as preempted by FEHA.  *Kovalenko v. Kirkland & Ellis LLP*, No. 22-cv-

12   05990-HSG, 2023 WL 5444728, at *6 (N.D. Cal Aug. 23, 2023).  Article 33 of the San Francisco

13   Police Code unambiguously regulates the same subject matter as FEHA.  Section 3303 makes it

14   unlawful for an "employer . . . to discriminate against any individual" in employment on specified

15   protected bases, and section 3305.2(b) expressly forbids "retaliation against a person because that

16   person . . . has opposed" such discrimination.  Those provisions track FEHA, which already

17   prohibits both discrimination and retaliation on the same grounds.

18        As to Counts IV, V, and X, Defendant argues that Plaintiffs' New York and New York

19   City claims must be dismissed because Plaintiffs at the NYC Action did not live or work for

20   Defendant in New York.  The New York Court of Appeals has made clear that the protections of

21   these provisions extend only to persons who either work or reside in New York and can show that

22   "the alleged discriminatory conduct had an impact in New York."  *Hoffman v. Parade Pubs.*,

23   933 N.E.2d 744, 747 (N.Y. 2010).  Plaintiffs do not dispute the point and now propose to add

24   additional plaintiffs residing in New York.  *See* Pls.' Mot. for Leave to File and Amended

25   Complaint, ECF 31.  The Court thus agrees with Defendant that Counts III, IV, V, and X must be

26   dismissed.

27   **IV.    ORDER**

28        For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion to

United States District Court
Northern District of California

Dismiss is GRANTED WITHOUT LEAVE TO AMEND as to Count III, GRANTED WITH LEAVE TO AMEND as to Counts IV, V, and X, and DENIED as to all other claims.

Dated:  September 18, 2025

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

6