JONES DAY
Aaron L. Agenbroad, Bar No. 242613
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone:    +1.415.626.3939
Facsimile:    +1.415.875.5700
Email: alagenbroad@jonesday.com

Liat Yamini, Bar No. 251238
555 South Flower Street, 50th Floor
Los Angeles, CA 90071
Telephone:    +1.213.489.3939
Facsimile:    +1.213.243.2539
Email: lyamini@jonesday.com

Wendy C. Butler (*pro hac vice*)
Christian A. Bashi (*pro hac vice*)
250 Vesey Street
New York, NY 10080
Telephone:    +1.212.326.3723
Facsimile:    +1.212.755.7306
Email: wbutler@jonesday.com
Email: cbashi@jonesday.com

*Attorneys for Defendant Google LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| CHEYNE ANDERSON, JESUS CASTELLANO, TINA LU, EVAN MCELHENY, HANNAH MIRZA, KATHLEEN O'BEIRNE, ZACHARY SIEGEL, ERIC SPISHAK-THOMAS, ALEC STORY, SETH TAYLOR, WILLIAM VAN DER LAAR, MARK WESLEY DUDLEY, RACHEL WESTRICK, JIAJUN XU, individually and on behalf of all others similarly situated, | Case No. 25-CV-03268-BLF **DEFENDANT GOOGLE LLC'S ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES** |
| *Plaintiffs,* | Hon. Beth Labson Freeman |
| v. | |
| GOOGLE LLC, | |
| *Defendant.* | |

**INTRODUCTION**

Defendant Google LLC ("Google" or "Defendant"), by and through its undersigned counsel, hereby submits the following Answer and Defenses to the Second Amended Complaint ("SAC") (Dkt. No. 46) filed by Plaintiffs Cheyne Anderson, Jesus Castellano, Tina Liu, Evan McElheny, Hannah Mirza, Kathleen O'Beirne, Zachary Siegel, Eric Spishak-Thomas, Alec Story, Seth Taylor, William Van Der Laar, Mark Wesley Dudley, Rachel Westrick, and Jiajun Xu ("Plaintiffs"). The headings contained in the SAC are not substantive allegations to which an answer is required, and to the extent that the headings are repeated in this Answer, it is solely for ease of reference. Additionally, to the extent that those headings are substantive allegations to which an answer is required, Google denies the allegations. If any allegation is not expressly admitted, it is denied. Google answers the allegations in the SAC as follows:

**AS TO "INTRODUCTION"**

1.    Google admits that Plaintiffs' action seeks redress for allegedly retaliatory terminations. Google denies the allegation that Plaintiffs' terminations were retaliatory, denies the allegation that Plaintiffs engaged in any protected activity whatsoever, and denies all remaining allegations in Paragraph 1.

**AS TO "IDENTIFICATION OF THE PARTIES"**

2.    Google admits that Google employed Plaintiff Anderson from approximately 2022 to April 2024. Google also admits as of April 16, 2024, Plaintiff Anderson was employed by Google as a Software Engineer in Google's Kirkland, Washington, office and that Mr. Anderson was present at Google's Sunnyvale, California, office on or about April 16, 2024. Google lacks sufficient knowledge or information to admit or deny the personal residence allegation regarding Plaintiff Anderson and therefore denies it. Google denies the remaining allegations in Paragraph 2, including that the activities described constituted protected activity.

3.    Google admits that Google employed Plaintiff Castellano from approximately 2018 to April 2024. Google also admits that as of April 16, 2024, Plaintiff Castellano was employed by Google as a Partner Operations Manager in Google's Atlanta, Georgia, office and that Plaintiff Castellano was present at Google's New York, New York, office on or about April 16, 2024.

Google lacks sufficient knowledge or information to admit or deny the personal residence allegation regarding Plaintiff Castellano and therefore denies it. Google denies the remaining allegations in Paragraph 3, including that the activities described constituted protected activity.

4.      Google admits that Google employed Plaintiff Liu from approximately 2021 to April 2024 . Google also admits that as of April 16, 2024, Plaintiff Liu was employed by Google as a Software Engineer in Google's New York, New York, office and that Plaintiff Liu was present at Google's New York office on or about April 16, 2024. Google lacks sufficient knowledge or information to admit or deny the personal residence allegation regarding Plaintiff Liu and therefore denies it. Google denies the remaining allegations in Paragraph 4, including that the activities described constituted protected activity.

5.      Google admits that Plaintiff McElheny was employed by Google from approximately 2018 to April 2024. Google also admits that as of April 16, 2024, Plaintiff McElheny was employed by Google as a Software Engineer in Google's New York, New York, office and that he was present at Google's New York office on or about April 16, 2024. Google lacks sufficient knowledge or information to admit or deny the personal residence allegation regarding Plaintiff McElheny and therefore denies it. Google denies the remaining allegations in Paragraph 5, including that the activities described constituted protected activity.

6.      Google admits that Google employed Plaintiff Mirza from approximately 2021 to April 2024. Google also admits that as of April 16, 2024, Plaintiff Mirza was employed by Google as a Product Operations Manager in Google's San Francisco, California, office and that she was present at Google's Sunnyvale, California, office on or about April 16, 2024. Google lacks sufficient knowledge or information to admit or deny the personal residence allegation regarding Plaintiff Mirza and therefore denies it. Google denies the remaining allegations in Paragraph 6, including that the activities described constituted protected activity.

7.      Google admits that Google employed Plaintiff O'Beirne from approximately 2020 to April 2024. Google also admits that as of April 16, 2024, Plaintiff O'Beirne was employed by Google as a Talent Equity & Strategy Program Manager Lead in Google's San Francisco, California, office and that she was present at Google's Sunnyvale, California, office on or about

April 16, 2024. Google lacks sufficient knowledge or information to admit or deny the personal residence allegation regarding Plaintiff O'Beirne and therefore denies it. Google denies the remaining allegations in Paragraph 7, including that the activities described constituted protected activity.

8.      Google admits that Google employed Plaintiff Siegel from approximately 2015 to April 2024. Google also admits that as of April 16, 2024, Plaintiff Siegle was employed by Google as a Senior Software Engineer in Google's San Francisco, California, office and that he was present at Google's New York, New York, office on or about April 16, 2024. Google states that it lacks sufficient knowledge or information to admit or deny the personal residence allegation regarding Plaintiff Siegel and therefore denies it. Google denies the remaining allegations in Paragraph 8, including that the activities described constituted protected activity.

9.      Google admits that Google employed Plaintiff Spishak-Thomas from approximately 2013 to April 2024. Google also admits that as of April 16, 2024, Plaintiff Spishak-Thomas was employed by Google as a Senior Software Engineer in Google's New York, New York, office and that he was present at Google's New York, New York, office on or about April 16, 2024. Google states that it lacks sufficient knowledge or information to admit or deny the personal residence allegation regarding Plaintiff Spishak-Thomas and therefore denies it. Google denies the remaining allegations in Paragraph 9, including that the activities described constituted protected activity.

10.      Google admits that Google employed Plaintiff Story from approximately 2011 to April 2024. Google also admits that as of April 16, 2024, Plaintiff Spishak-Thomas was employed by Google as a Staff Software Engineer in Google's New York, New York, office and that he was present at Google's New York, New York, office on or about April 16, 2024. Google lacks sufficient knowledge or information to admit or deny the personal residence allegation regarding Plaintiff Story and therefore denies it. Google denies the remaining allegations in Paragraph 10, including that the activities described constituted protected activity.

11.      Google admits that Google employed Plaintiff Taylor from approximately 2022 to April 2024. Google also admits that as of April 16, 2024, Plaintiff Spishak-Thomas was employed by Google as a Software Engineer in Google's Seattle, Washington, office and that he was present

at Google's New York, New York, office on or about April 16, 2024. Google lacks sufficient knowledge or information to admit or deny the personal residence allegation regarding Plaintiff Taylor and therefore denies it. Google denies the remaining allegations in Paragraph 11, including that the activities described constituted protected activity.

12.    Google admits that Google employed Plaintiff Van Der Laar from approximately 2021 to April 2024. Google also admits that as of April 16, 2024, Plaintiff Van Der Laar was employed by Google as a Software Engineer L4 in Google's San Francisco, California, office and that he was present at Google's Sunnyvale, California, office on or about April 16, 2024. Google lacks sufficient knowledge or information to admit or deny the personal residence allegation regarding Plaintiff Van Der Laar and therefore denies it. Google denies the remaining allegations in Paragraph 12, including that the activities described constituted protected activity.

13.    Google admits that Google employed Plaintiff Dudley from approximately 2015 to April 2024. Google also admits that as of April 16, 2024, Plaintiff Dudley was employed by Google as a Senior Software Engineer in Google's San Francisco, California, office and that he was present at Google's Sunnyvale, California, office on or about April 16, 2024. Google lacks sufficient knowledge or information to admit or deny the personal residence allegation regarding Plaintiff Dudley and therefore denies it. Google denies the remaining allegations in Paragraph 13, including that the activities described constituted protected activity.

14.    Google admits that Google employed Plaintiff Westrick from approximately 2021 to April 2024. Google also admits that as of April 16, 2024, Plaintiff Westrick was employed by Google as a Software Engineer in Google's Sunnyvale, California, office and that she was present at Google's Sunnyvale, California, office on or about April 16, 2024. Google lacks sufficient knowledge or information to admit or deny the personal residence allegation regarding Plaintiff Westrick and therefore denies it. Google denies the remaining allegations in Paragraph 14, including that the activities described constituted protected activity.

15.    Google admits that Google employed Plaintiff Xu from approximately 2019 to April 2024. Google also admits that as of April 16, 2024, Plaintiff Xu was employed by Google as a Software Engineer in Google's San Francisco, California, office and that he was present at

Defendant Google LLC's Answer to Second
Amended Complaint and Affirmative Defenses
25-CV-03268-BLF

1  Google's Sunnyvale, California, office on or about April 16, 2024. Google lacks sufficient

2  knowledge or information to admit or deny the personal residence allegation regarding Plaintiff Xu

3  and therefore denies it. Google denies the remaining allegations in Paragraph 15, including that the

4  activities described constituted protected activity.

5    16.    Google admits that Google, LLC is a Delaware limited liability corporation with its

6  principal place of business in Mountainview, California, and that Google does business in

7  California, New York, and Washington. Google denies Google denies the remaining allegations in

8  Paragraph 16.

9    17.    Google admits that it is a technology company, and that Plaintiffs were employees

10  of Google for a period of time including on April 16, 2024. Google states that no response is

11  required as to the legal conclusions set forth in Paragraph 17. Google denies the remaining

12  allegations in Paragraph 17.

13    18.    Paragraph 18 states legal conclusions to which no response is required. Google

14  denies any allegations that require a response.

15    19.    Google admits the allegations in Paragraph 19.

16    20.    Google denies the allegations in Paragraph 20.

17  <u>**AS TO "JURISDICTION AND VENUE"**</u>

18    21.    Paragraph 21 states legal conclusions to which no response is required.

19    22.    Paragraph 22 states legal conclusions to which no response is required.

20    23.    Paragraph 23 states legal conclusions to which no response is required.

21    24.    Paragraph 24 states legal conclusions to which no response is required.

22  <u>**AS TO "STATEMENT OF THE FACTS"**</u>

23    25.    Google admits the allegations in Paragraph 25.

24    26.    Google admits that No Tech for Apartheid ("NOTA") purports to be organized by a

25  group of technology industry workers, including some Google employees, and that Plaintiff's

26  communications indicated that NOTA was involved in organizing the April 16, 2024 sit-in.

27    27.    Google denies the allegations in Paragraph 27.

28    28.    Google admits that documents were distributed during the sit-in. Google denies the

allegations in Paragraph 28 to the extent they mischaracterize those documents, and Google denies the allegations against Google contained in those documents. Google denies the remaining allegations in Paragraph 28.

29.    Google denies the allegations in Paragraph 29.

30.    Google admits the allegations in Paragraph 30.

31.    Google lacks sufficient knowledge or information to admit or deny allegations in Paragraph 31 regarding the purported beliefs and concerns of NOTA members. Google denies all remaining allegations in Paragraph 31.

32.    Google states that the petition referenced in Paragraph 32 is a document that speaks for itself. Google denies the allegations in Paragraph 32 to the extent they mischaracterize the document, and Google denies the allegations against Google contained in the document. Google denies all remaining allegations in Paragraph 32.

33.    Google states that the letter referenced Paragraph 33 is a document that speaks for itself. Google denies the allegations in Paragraph 33 to the extent they mischaracterize or misquote the document, and Google denies the allegations against Google contained in the document. Google denies all remaining allegations in Paragraph 33.

34.    Google states that the Daily Wire article referenced in Paragraph 34 is a document that speaks for itself. Google denies the allegations in Paragraph 34 to the extent they mischaracterize the document, and Google denies the allegations against Google contained in the document. Google denies that it failed to take substantive steps to address any alleged doxing. Google lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 34, and on that basis denies those allegations.

35.    Google states that the document entitled "Google Disregards Worker Safety" referenced in Paragraph 35 is a document that speaks for itself. Google denies the allegations in Paragraph 35 to the extent they mischaracterize the document, and Google denies the allegations against Google contained in the document. Google admits that some Google employees circulated this document to other Google employees on April 16, 2024. Google denies all remaining allegations in Paragraph 35.

36.     Google states that the leaflets referenced in Paragraph 36 are documents that speak for themselves. Google denies the allegations in Paragraph 36 to the extent they mischaracterize or misquote the leaflets. Google denies the allegations against Google contained in the leaflets and denies all remaining allegations in Paragraph 36.

### As to "SVL April 16 Action"

37.     Google admits that on April 16, 2024, Plaintiffs Anderson, Mirza, O'Beirne, Van Der Laar, Dudley, Westrick, and Xu participated in a sit-in taking place in or around Google's MP4 building located at 1190 Bordeaux Drive in Sunnyvale, California. Google denies that all putative class members participated in the sit-in in Sunnyvale and on that basis denies the remaining allegations in Paragraph 37.

38.     Google admits that on April 16, 2024, multiple Google employees entered the MP4 building and ascended to the sixth floor, where the office of Thomas Kurian is located. Google admits that Mr. Kurian is the CEO of Google Cloud. Google admits that the descriptions in Paragraph 38 of the timing of events and the location of Mr. Kurian's office, which do not purport to be precise, are roughly accurate. Google further admits that on the morning of April 16, 2024, Mr. Kurian's office was open and empty, and that the conference rooms in the immediate vicinity were empty. Google denies the remaining allegations in Paragraph 38.

39.     Google admits that around 9:00 am on April 16, 2024, Plaintiffs Anderson, O'Beirne, Wesley Dudley, Van Der Laar, and Westrick entered Mr. Kurian's office, that a participant taped a banner to the inside window of Mr. Kurian's office, including a banner reading "Thomas Kurian: Drop Nimbus," and that the participants had additional signs reading "Google: stop the retaliation" and "no AI for military." Google denies that it engaged in any acts of retaliation. Google denies the remaining allegations in Paragraph 39.

40.     Google admits that a Google employee participating in the sit-in read aloud from a purported list of demands and that some speeches were livestreamed. Google denies all remaining allegations in Paragraph 40.

41.     Google admits that certain Google employees participating in the sit-in took group photos inside and outside Mr. Kurian's office. Google lacks sufficient knowledge or information

to admit or deny the motivations of unidentified participants who left the sit-in, and on that basis denies the remaining allegations.

42.    Google admits that one or more sit-in participants wrote on Mr. Kurian's whiteboard and that sit-in participants chanted various chants. Google denies all remaining allegations in Paragraph 42.

43.    Google admits that Google Security asked sit-in participants to leave the area. Google lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 43 because the paragraph does not identify the "SVL participants," or the "Class Member" referenced.

44.    Google admits that members of its Security team scanned the badges of some Google employees participating in the sit-in. Google further admits that Plaintiffs Mirza, Van Der Laar, and Xu were not detained or arrested. Google lacks sufficient knowledge or information to admit or deny the allegations regarding unnamed participants, and therefore denies the same. Google denies the remaining allegations in Paragraph 44.

45.    Google admits that Plaintiffs Westrick, Anderson, O'Beirne, Dudley, and at least one other Google employee, Mahima Agrawal, continued to occupy Mr. Kurian's office and that members of its Security team took photos of the employee badges of those employees. Google lacks sufficient knowledge or information to admit or deny the allegations regarding unnamed participants, and therefore denies the same.

46.    Google admits that former Google employees livestreamed their sit-in participation from Mr. Kurian's office, but denies that all speaking occurred at normal conversational volume. Google further denies that it engaged in discrimination. Google denies the allegations in Paragraph 46 to the extent they mischaracterize the content of the livestream and denies any remaining allegations in Paragraph 46.

47.    Google admits that on the morning of April 16, 2024, the police were made aware of the protest, police at times were in the vicinity of the protest outside Google's Sunnyvale office, and that police did not interact with sit-in participants, but denies that Google Security informed the sit-in participants that the police were called at this time. Google further admits that Security

closed down the area outside Mr. Kurian's office and stationed themselves outside the entrance. Google denies the remaining allegations in Paragraph 47.

48.     Google admits that some Google employees joined a congregated group outside Google's MP2 building located at 1175 Borregas Avenue in Sunnyvale, California. Google further admits that protesters later moved to the southern entrance of the MP4 building. Google denies all remaining allegations in Paragraph 48.

49.     Google admits that around 3:30 p.m., members of Google's Security team took possession of employee ID badges belonging to the employees occupying Mr. Kurian's office and informed them that they were being placed on administrative leave. Google also admits that members of Google's Security team informed the employees occupying Mr. Kurian's office that if they refused to leave they would be removed by the police. Google denies all remaining allegations in Paragraph 49.

50.     Google admits that, around 7:00 p.m., members of Google's Security team again asked the employees occupying Mr. Kurian's office to leave, that the employees refused to do so, and that police arrested and removed the employees.

51.     Google admits the allegations in Paragraph 51.

### As to "NYC April 16 Action"

52.     Google admits that on April 16, 2024, multiple Google employees engaged in a sit-in on the tenth floor work lounge of its office located at 111 8th Avenue, New York, New York. Google admits that the description of the layout of the tenth floor work lounge, which does not purport to be precise, is roughly accurate. Google denies the characterization of the space, which is a non-public work lounge used daily by Google employees for quiet working, meeting, and collaboration. Google denies allegations that are too imprecise to admit or deny, such as whether "[m]usic is sometimes played in the area." Google denies all remaining allegations in Paragraph 52.

53.     Google admits that Google employees participating in the sit-in hung a banner that read "Google Workers Sit In Against Project Nimbus. No Tech for Genocide" off the tenth floor railing into the atrium by draping the banner over the railing, gathered in the common area, wore t-

shirts related to the protest, and took photos. Google lacks sufficient knowledge or information to admit or deny the precise material used to hang the banner, and on that basis denies those allegations.

54.    Google admits that at least eight sit-in participants, including Castellano and Siegel, sat on the floor of the tenth floor work lounge. Google denies all remaining allegations in Paragraph 54.

55.    Google admits that sit-in participants, including Liu, McElheny, Spishak-Thomas, Story, and Taylor, distributed leaflets on the tenth floor, and that some participants left the tenth floor to distribute leaflets on the eighth and ninth floors. Google states that the leaflets referenced in Paragraph 55 are documents that speak for themselves. Google denies the allegations in Paragraph 55 to the extent they mischaracterize the leaflets. Google denies the allegations against Google in the leaflets and denies all remaining allegations in Paragraph 55.

56.    Google lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 56 because the paragraph does not identify the "Class Members" referenced, and on that basis denies those allegations.

57.    Google admits that putative class members spoke and chanted in the Commons area. Google lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 57 because the paragraph does not identify the "Class Members," and on that basis denies those allegations.

58.    Google admits that Siegel gave a speech. Google denies the allegations in Paragraph 58 to the extent they mischaracterize the contents of that speech. Google denies that it discriminated against or retaliated against any employee, including any of its Muslim, Arab, and Palestinian employees. Google denies the remaining allegations in Paragraph 58.

59.    Google admits that, throughout the workday, Google employees were forced to navigate around the sit-in participants in the Commons. Google denies allegations that are too imprecise to admit or deny, such as whether "[e]levators were in use to transport supplies." Google denies all remaining allegations in Paragraph 59.

60.    Google admits that around 12:15 p.m., members of its Security team, including

Regional Security Manager Jimmy West, arrived at the Commons. Google further admits that Google Security made repeated requests for sit-in participants to tone down the volume of their activity and to remove the banner. Google further admits that the banner was eventually taken down. Google denies all remaining allegations in Paragraph 60.

61.     Google admits that Mr. West asked the sit-in participants to leave multiple times. Google lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 61 because the paragraph does not identify the "liaison," and on that basis denies those allegations.

62.     Google admits that Google employees at times interacted with the sit-in participants, and that several Google employees reported feeling unsafe because of the sit-in. Google denies the allegation that these employees constituted "counter-protestors." Google lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 62 because the paragraph does not identify the "counter-protestors" or "[d]e-escalators," and on that basis denies those allegations.

63.     Google admits that Mr. West asked sit-in participants to leave multiple times. Google denies the allegation characterizing Google employees as "counter-protestors." Google lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 63 because the paragraph does not identify the "counter-protestors," and on that basis denies those allegations.

64.     Google lacks sufficient knowledge or information to admit or deny the allegations about Mr. Berger's alleged interactions with the sit-in participants, because the participants referenced are not identified, and on that basis denies those allegations.

65.     Google admits that in the early afternoon on April 16, 2024, West asked the sit-in participants to leave the area. Google further admits that Google Security took photos of several sit-in participants' badges, and that Plaintiff Siegel eventually left the area. Google denies that any participant was permitted to remain in the area after Google Security asked participants to leave or that the sit-in participants had "consent" to engage in the sit-in activities. Google lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 65 because the

1  paragraph does not identify the "liaisons," other "participants," or "counter protestors," and on that

2  basis denies all remaining allegations in Paragraph 65.

3      66.    Google admits that Plaintiff Castellano and at least three Google employees,

4  including Zelda Montes, Hasan Ibraheem, and Mohammad Khatami remained in the Commons

5  area despite repeated requests for them to leave.

6      67.    Google admits that Plaintiff Liu handed out leaflets in the tenth floor Commons and

7  other areas of Google's campus, that it revoked her building access after it placed her on

8  administrative leave, and that she was not arrested. Google denies that Plaintiff Liu complied with

9  all requests made by Security. Google lacks sufficient knowledge or information to admit or deny

10  the remaining allegations in Paragraph 67, and on that basis denies those allegations.

11      68.    Google admits that Plaintiff McElheny was not arrested and that he distributed

12  flyers. Google denies all remaining allegations in Paragraph 68.

13      69.    Google admits that Plaintiff Spishak-Thomas was not arrested, that he passed out

14  leaflets, and that he eventually left at Security's request. Google denies all remaining allegations in

15  Paragraph 69.

16      70.    Google admits that Plaintiff Story took photos and wore a NOTA shirt. Google

17  denies that Story did not "otherwise participate in" the sit-in. Google is without sufficient

18  knowledge or information to admit or deny the remaining allegations in Paragraph 70, and on that

19  basis denies those allegations.

20      71.    Google admits that Plaintiff Taylor was not arrested. Google denies all remaining

21  allegations in Paragraph 71.

22      72.    Google admits that Google Security informed Plaintiffs Castellano, Liu, and

23  McElheny and employees Zelda Montes, Hasan Ibraheem, and Mohammad Khatami that they had

24  been placed on administrative leave, that their building access had been revoked, that they were

25  now trespassing, and that they would need to exit the building. Google further admits the allegations

26  that Plaintiff Castellano and employees Zelda Montes, Hasan Ibraheem, and Mohammad Khatami

27  continued to refuse to leave and were arrested, and that Google escorted Plaintiffs Liu and

28  McElheny off of the premises. Google denies all remaining allegations in Paragraph 72.

Defendant Google LLC's Answer to Second
Amended Complaint and Affirmative Defenses
25-CV-03268-BLF

73.    Google admits that NOTA held a protest outside of Google's New York office building around midday on April 16, 2024. Google further admits that putative class members distributed flyers during this protest. Google denies that the protest consisted of a "rally," and denies the allegation that protestors did not block ingress or egress. Google denies the remaining allegations in Paragraph 73.

**As to "Discipline and Termination"**

74.    Google admits that in or around late April 2024, Google employees who engaged in the April 16 sit-ins and who violated Google policy, including Plaintiffs, received termination notices which are documents that speak for themselves. Google denies the remaining allegations in Paragraph 74.

75.    Google states that the personnel file documents referenced in Paragraph 75 speak for themselves. Google denies the remaining allegations in Paragraph 75.

76.    Google states that the personnel file documents referenced in Paragraph 76 speak for themselves. Google denies the remaining allegations in Paragraph 76.

77.    Google admits that it terminated 50 employees who participated in the April 16, 2024 sit-in in Sunnyvale, CA and New York, NY, and who violated Google policy, including employees who worked in its San Francisco, Sunnyvale, Seattle, New York, and Atlanta offices. Google denies all remaining allegations in Paragraph 77.

78.    Google lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 78 because the paragraph does not identify the "counter protestors" referenced. On this basis, Google denies the allegations in Paragraph 78.

79.    Google lacks sufficient knowledge and information to admit or deny when Plaintiffs received the Notices of Right to Sue and on that basis denies this allegation. The remaining allegations in Paragraph 79 are legal conclusions to which no response is required. To the extent a response is deemed required, Google denies the allegations.

**AS TO "CLASS ALLEGATIONS"**

80.    Google admits that Plaintiffs purport to bring this action pursuant to Federal Rule of Civil Procedure 23, but denies that this action is appropriate for class treatment under Rule 23,

1    and denies any remaining allegations in Paragraph 80.

2            81.     Paragraph 81 states legal conclusions to which no response is required. To the extent

3    a response is deemed required, Google denies the allegations.

4            82.     Paragraph 82 states legal conclusions to which no response is required. To the extent

5    a response is deemed required, Google denies the allegations.

6            83.     Paragraph 83 states legal conclusions to which no response is required. To the extent

7    a response is deemed required, Google denies the allegations.

8            84.     Paragraph 84 states legal conclusions to which no response is required. To the extent

9    a response is deemed required, Google denies the allegations.

10           85.     Paragraph 85 states legal conclusions to which no response is required. To the extent

11   a response is deemed required, Google denies the allegations.

12           86.     Paragraph 86 states legal conclusions to which no response is required. To the extent

13   a response is deemed required, Google denies the allegations.

14           87.     Paragraph 87 states legal conclusions to which no response is required. To the extent

15   a response is deemed required, Google denies the allegations.

16           88.     Paragraph 88 states legal conclusions to which no response is required. To the extent

17   a response is deemed required, Google denies the allegations.

18           89.     Google admits that Plaintiffs seek to certify a class as described in Paragraph 89 but

19   denies that this action is appropriate for class treatment. Google denies all remaining allegations in

20   Paragraph 89.

21                          **AS TO "FIRST CAUSE OF ACTION"**

22                 **(Retaliation in Violation of Title VII of the Civil Rights Act of 1964,**

23                            **42 U.S.C. § 2000e *et seq.*)**

24           90.     Google incorporates and restates its responses to the allegations in Paragraphs 1–89

25   as if fully rewritten herein.

26           91.     Google denies the allegations in Paragraph 91.

27           92.     Google admits that it terminated Plaintiffs' employment. Google denies all

28   remaining allegations in Paragraph 92.

93.    Google denies the allegations in Paragraph 93.

94.    Google denies the allegations in Paragraph 94.

95.    Google denies the allegations in Paragraph 95.

### AS TO "SECOND CAUSE OF ACTION"

**(Retaliation in Violation of the Fair Employment Housing Act (FEHA),**

**California Government Code § 12940(h))**

96.    Google incorporates and restates its responses to the allegations in Paragraphs 1–95 as if fully rewritten herein.

97.    Paragraph 97 states a legal conclusion to which no response is required. To the extent a response is deemed required, Google admits that on April 16, 2024, Plaintiffs were employed by Google, and denies all remaining allegations in Paragraph 97.

98.    Google admits that it terminated Plaintiffs' employment. Google denies all remaining allegations in Paragraph 98.

99.    Google denies the allegations in Paragraph 99.

100.    Google denies the allegations in Paragraph 100.

101.    Google denies the allegations in Paragraph 101.

### AS TO "THIRD CAUSE OF ACTION"

**(Retaliation in Violation of New York State Human Rights Law,**

**New York Executive Law §§ 296(e), on behalf of Plaintiffs Seth Taylor,**

**Jesus Castellano, Tina Liu, Evan McElheny, Zachary Siegel, Eric Spishak-Thomas,**

**and Alec Story individually and New York-based Class Members)**

102.    Google incorporates and restates its responses to the allegations in Paragraphs 1–101 as if fully rewritten herein.

103.    Paragraph 103 states a legal conclusion to which no response is required. To the extent a response is deemed required, Google admits that on April 16, 2024, Plaintiffs Liu, McElheny, Siegel, Spishak-Thomas, Story Taylor, and Castellano were employees of Google and that it maintains offices in and conducts business within the State of New York. Google denies all remaining allegations in Paragraph 103.

104.    Google admits that it terminated the employment of Plaintiffs Taylor, Castellano, Liu, McElheny, Siegel, Spishak-Thomas, and Story. Google denies all remaining allegations in Paragraph 104.

105.    Google denies the allegations in Paragraph 105.

106.    Google denies the allegations in Paragraph 106.

107.    Google denies the allegations in Paragraph 107.

### AS TO "FOURTH CAUSE OF ACTION"

**(Retaliation in Violation of the New York City Human Rights Law,**

**NYC Admin. Code §8-107(7), on behalf of Plaintiffs Seth Taylor, Jesus Castellano,**

**Tina Liu, Evan McElheny, Zachary Siegel, Eric Spishak-Thomas, and Alec Story**

**individually and New York City-based Class Members)**

108.    Google incorporates and restates its responses to the allegations in Paragraphs 1–107 as if fully rewritten herein.

109.    Paragraph 108 states a legal conclusion to which no response is required. To the extent a response is deemed required, Google admits that on April 16, 2024, Plaintiffs Taylor, Castellano, Liu, McElheny, Siegel, Spishak-Thomas, and Story were employees of Google and that it maintains offices in and conducts business within the State of New York. Google denies all remaining allegations in Paragraph 109.

110.    Google admits that it terminated the employment of Plaintiffs Taylor, Castellano, Liu, McElheny, Siegel, Spishak-Thomas, and Story. Google denies all remaining allegations in Paragraph 110.

111.    Google denies the allegations in Paragraph 111.

112.    Google denies the allegations in Paragraph 112.

113.    Google denies the allegations in Paragraph 113.

/ / /

/ / /

/ / /

/ / /

1

**AS TO "FIFTH CAUSE OF ACTION"**

2

**(Retaliation in Violation of Washington State Law Against Discrimination,**

3

**Wash. Rev. Code § 49.60.210, on behalf of Plaintiffs Cheyne Anderson and Seth Taylor**

4

**individually and Washington-based Class Members)**

5      114.    Google incorporates and restates its responses to the allegations in Paragraphs 1–

6   113 as if fully rewritten herein.

7      115.    Google admits that Google employed Plaintiffs Anderson and Taylor at its

8   Washington offices, and that Google regularly conducts business in Washington. Google denies all

9   remaining allegations in Paragraph 115.

10     116.    Paragraph 116 states a legal conclusion to which no response is required. To the

11   extent a response is deemed required, Google admits that Google employed Plaintiffs Anderson

12   and Taylor, and denies all remaining allegations in Paragraph 116.

13     117.    Google admits that Google terminated the employment of Plaintiffs Anderson and

14   Taylor. Google denies all remaining allegations in Paragraph 117.

15     118.    Google denies the allegations in Paragraph 118.

16

**AS TO "SIXTH CAUSE OF ACTION"**

17

**(Retaliation in Violation of Section 14.04.040(f) of the Seattle Charter, on behalf of**

18

**Plaintiff Seth Taylor individually and Seattle-based Class Members)**

19     119.    Google incorporates and restates its responses to the allegations in Paragraphs 1–

20   118 as if fully rewritten herein.

21     120.    Google admits that Google employed Plaintiff Taylor at its Seattle, Washington,

22   office, and that Google regularly conducts business in Seattle. Google denies all remaining

23   allegations in Paragraph 120.

24     121.    Google denies all allegations in Paragraph 121.

25     122.    Google denies all allegations in Paragraph 122.

26     123.    Google denies all allegations in Paragraph 123.

27   / / /

28   / / /

**<u>AS TO "SEVENTH CAUSE OF ACTION"</u>**

**(Political Ideology Discrimination in Violation of Section 14.04.040(c) of the Seattle Charter,**

**on behalf of Plaintiff Seth Taylor individually and Seattle-based Class Members)**

124.    Google incorporates and restates its responses to the allegations in Paragraphs 1–123 as if fully rewritten herein.

125.    Google admits that Google employed Plaintiff Taylor at its Seattle, Washington, office, and that Google regularly conducts business in Seattle. Google denies all remaining allegations in Paragraph 125.

126.    Paragraph 126 states a legal conclusion to which no response is required. To the extent a response is deemed required, Google denies the participation in the April 16, 2024 sit-in constituted an expression of political beliefs as defined by Section 14.04.040(c) of the Seattle Charter, and denies all remaining allegations in Paragraph 126.

127.    Google admits the allegation in Paragraph 127 that Google terminated Plaintiff Taylor's employment. Google states that whether Plaintiff Taylor or other employees "express[ed] their political beliefs" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Google denies the participation constituted an expression of political beliefs as defined by Section 14.04.040 of the Seattle Charter. Google denies all remaining allegations in Paragraph 127.

128.    Google denies the allegations in Paragraph 128.

**<u>AS TO "EIGHTH CAUSE OF ACTION"</u>**

**(Retaliation in Violation of California Whistleblower Law,**

**California Labor Code §1102.5)**

129.    Google incorporates and restates its responses to the allegations in Paragraphs 1–128 as if fully rewritten herein.

130.    Google admits that, on April 16, 2024, Plaintiffs were Google employees. Google denies all remaining allegations in Paragraph 130.

131.    Google admits that Google terminated Plaintiffs' employment. Google denies all remaining allegations in Paragraph 131.

1    132.    Google denies the allegations in Paragraph 132.

2    133.    Google denies the allegations in Paragraph 133.

3    134.    Google denies the allegations in Paragraph 134.

4                    **AS TO "NINTH CAUSE OF ACTION"**

5              **(Retaliation in Violation of New York State Whistleblower Law,**

6    **New York Labor Law § 740, on behalf of Plaintiffs Seth Taylor, Jesus Castellano, Tina Liu,**

7    **Evan McElheny, Zachary Siegel, Eric Spishak-Thomas, and Alec Story individually and**

8                          **New York-based Class Members)**

9    135.    Google incorporates and restates its responses to the allegations in Paragraphs 1–

10   134 as if fully rewritten herein.

11   136.    Google admits that, on April 16, 2024, Plaintiffs Taylor, Castellano, Liu, McElheny,

12   Siegel, Spishak-Thomas, and Story were Google employees. Google denies all remaining

13   allegations in Paragraph 136.

14   137.    Google admits that it terminated the employment of Plaintiffs Taylor, Castellano,

15   Liu, McElheny, Siegel, Spishak-Thomas, and Story. Google denies all remaining allegations in

16   Paragraph 137.

17   138.    Google denies the allegations in Paragraph 138.

18   139.    Google denies the allegations in Paragraph 139.

19   140.    Google denies the allegations in Paragraph 140.

20                    **AS TO "TENTH CAUSE OF ACTION"**

21          **(Wrongful Discharge in Violation of Public Policy, on behalf of Plaintiffs Cheyne**

22          **Anderson and Seth Taylor individually and Washington-based Class Members)**

23   141.    Google incorporates and restates its responses to the allegations in Paragraphs 1–

24   140 as if fully rewritten herein.

25   142.    Google admits that it employed Plaintiffs Anderson and Taylor in its Washington

26   offices, where it regularly conducts business. Google denies all remaining allegations in Paragraph

27   142.

28   143.    Google admits that it terminated Plaintiffs Anderson and Taylor's employment.

1    Google denies all remaining allegations in Paragraph 143.

2        144.    Google denies the allegations in Paragraph 144.

3        145.    Google denies the allegations in Paragraph 145.

4    <div align="center">**AS TO "PRAYER FOR RELIEF"**</div>

5        146.    Google denies that Plaintiffs or any putative class members are entitled to any relief

6    whatsoever, including as to Paragraphs A–J in the Prayer for Relief of the SAC.

7    <div align="center">**AS TO "JURY TRIAL DEMANDED"**</div>

8        147.    Google states that whether Plaintiffs' claims entitle them to a trial by jury constitutes

9    a legal determination that is not subject to admission or denial.

10   <div align="center">**GOOGLE'S DEFENSES**</div>

11   In addition to the foregoing responses to the particular allegations of the SAC, and without

12   conceding that it bears the burden of proof as to any issue, Google asserts the following further

13   defenses to Plaintiffs' SAC:

14   <div align="center">**FIRST DEFENSE**</div>

15   <div align="center">**(Failure to State a Claim)**</div>

16   Plaintiffs' SAC, and each purported cause of action contained therein, fails to state a claim

17   for relief against Google.

18   <div align="center">**SECOND DEFENSE**</div>

19   <div align="center">**(Statute of Limitations)**</div>

20   The causes of actions in the SAC are barred in whole or in part to the extent they were not

21   asserted within the applicable statutes of limitations, including without limitation 42 USCA

22   § 2000e-5, Cal. Civ. Proc. Code § 338, Cal. Gov. Code § 12965(e), N.Y. Exec. Law § 297, New

23   York City, N.Y., Code § 8-502, N.Y. Lab. Law § 740, Wash. Rev. Code Ann. §§ 4.16.080,

24   4.16.130, and 49.60.230, as well as any other statute that might include applicable time bars.

25   <div align="center">**THIRD DEFENSE**</div>

26   <div align="center">**(Good Faith/Legitimate Business Reason)**</div>

27   The SAC and each cause of action therein are barred because Google had legitimate, non-

28   discriminatory and non-retaliatory reasons for its actions taken with respect to Plaintiff and the

1  putative class members and/or because Google acted in good faith.

2  **FOURTH DEFENSE**

3  **(Same Decision)**

4  The SAC and each cause of action therein are barred because all acts of Google affecting

5  the terms and/or conditions of Plaintiffs' and the putative class members' employment would have

6  been made even without an allegedly discriminatory or retaliatory motive.

7  **FIFTH DEFENSE**

8  **(Waiver, Laches, Unclean Hands and Estoppel)**

9  Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver, estoppel, laches

10  and/or unclean hands.

11  **SIXTH DEFENSE**

12  **(No Ratification)**

13  Google did not authorize, ratify, acquiesce in, have knowledge of, have reason to know of,

14  approve, participate in, or direct action by any person or entities, constituting unlawful conduct

15  toward Plaintiffs and/or the putative class members, whether as alleged or otherwise.

16  **SEVENTH DEFENSE**

17  **(No Class Certification / Failure to Satisfy Rule 23)**

18  Plaintiffs and the putative class members are not entitled to class certification under Federal

19  Rule of Civil Procedure 23 because Plaintiffs and the putative class members cannot satisfy the

20  requirements for bringing a class action and Plaintiffs cannot adequately represent the interests of

21  potential class members.

22  **EIGHTH DEFENSE**

23  **(Failure to Exhaust Administrative Remedies)**

24  Plaintiffs' claims are barred, or should be dismissed, to the extent Plaintiffs and the putative

25  class members have failed to adequately exhaust available administrative remedies.

26  **NINTH DEFENSE**

27  **(Scope of Charge)**

28  The SAC and each cause of action therein are barred to the extent they exceed the scope of

1  administrative charges Plaintiffs and the putative class members filed, if any, with appropriate

2  governmental agencies.

3  <center>**TENTH DEFENSE**</center>

4  <center>**(No Damages)**</center>

5  Plaintiffs' claims fail, in whole or in part, because Plaintiffs and the putative class members

6  suffered no cognizable damages attributable to Google; any claimed damages are speculative, not

7  recoverable, are unavailable as a matter of law, and/or must be limited.

8  <center>**ELEVENTH DEFENSE**</center>

9  <center>**(Failure to Mitigate)**</center>

10  Plaintiffs' and the putative class members' claims are barred, in whole or part, by their

11  failure to mitigate or reasonably attempt to mitigate their damages, if any.

12  <center>**TWELFTH DEFENSE**</center>

13  <center>**(Unforeseen Damages)**</center>

14  The alleged damages claimed by Plaintiffs and any putative class members could not

15  reasonably be foreseen and were not foreseen by Google to be reasonable, probable consequences

16  of any alleged act or omission attributable to Google.

17  <center>**THIRTEENTH DEFENSE**</center>

18  <center>**(Punitive Damages Unconstitutional)**</center>

19  Imposition of punitive damages would violate Google's due process and equal protection

20  rights under the United States Constitution.

21  <center>**FOURTEENTH DEFENSE**</center>

22  <center>**(Punitive Damages Barred)**</center>

23  Plaintiffs' claims for punitive damages are barred because punitive damages are not

24  available under the Washington Law Against Discrimination or the Seattle Municipal Code.

25  <center>**FIFTEENTH DEFENSE**</center>

26  <center>**(Release)**</center>

27  Any Plaintiff or putative class member who has released some or all of their claims against

28  Google is not entitled to recovery, consistent with the terms of any such releases.

**SIXTEENTH DEFENSE**

**(No Managing Agent)**

Plaintiffs and the putative class are precluded from the recovery of punitive damages, because none of the actors referenced in the SAC are officers, directors or managing agents of Google.

**SEVENTEENTH DEFENSE**

**(No Unlawful, Malicious, Oppressive or Fraudulent Conduct)**

Google avers that it has not engaged in unlawful intentional discrimination with respect to Plaintiffs and/or the putative class members, did not engage in any malicious, oppressive or fraudulent discriminatory or unlawful practice with regard to Plaintiffs' or putative class members' legally protected rights, and therefore cannot be liable for punitive damages. Further, Google has made good-faith efforts to prevent discrimination and retaliation in the workplace.

**EIGHTEENTH DEFENSE**

**(Avoidable Consequences)**

Plaintiffs' and the putative class members' claims are barred by the avoidable consequences doctrine for the reason they failed to exercise reasonable care and diligence to avoid harm or loss that could have been prevented by such efforts.

**NINETEENTH DEFENSE**

**(Set Off)**

Any recovery sought in the SAC and each and every cause of action alleged therein, to which Plaintiffs and the putative class might otherwise allegedly be entitled, which Google denies, must be offset by any wages and/or monies and/or benefits that Plaintiffs or putative class members have received and/or will receive, whether through employment, workers' compensation, or otherwise.

**TWENTIETH DEFENSE**

**(After-Acquired Evidence)**

Plaintiffs and the putative class members may be barred, in whole or in part, from recovery of damages as alleged and prayed for in the SAC by the after-acquired evidence doctrine.

1

**TWENTY-FIRST DEFENSE**

2

**(No Protected Activity)**

3

Plaintiffs' and the putative class members' claims fail, in whole or in part, because the

4

conduct at issue was not protected activity.

5

**TWENTY-SECOND DEFENSE**

6

**(Failure to State a Cause of Action for Injunctive or Equitable Relief)**

7

The SAC fails to state a cause of action upon which injunctive or equitable relief can be

8

granted because, inter alia, Plaintiffs and the putative class members are not currently employed by

9

Google.

10

**TWENTY-THIRD DEFENSE**

11

**(No Entitlement to Statutory Protections)**

12

Plaintiffs' and the putative class members' claims are barred, in whole or in part, because

13

they are not entitled to the protections provided under the statutes pursuant to which they seek

14

relief, including but not limited to the New York State Human Rights Law and the New York City

15

Human Rights Law.

16

**TWENTY-FOURTH DEFENSE**

17

**(Petty Slights and Trivial Inconveniences)**

18

Plaintiffs' and the putative class members' claims are barred, in whole or in part, because

19

the actions complained of were no more than petty slights or trivial inconveniences.

20

**TWENTY-FIFTH DEFENSE**

21

**(Reservation of Rights)**

22

Google presently has insufficient knowledge or information upon which to form a belief

23

whether there may be additional, as yet unstated, defenses, and reserves the right to assert additional

24

defenses in the event that discovery indicates that such defenses are appropriate. Google has not

25

knowingly or intentionally waived any applicable affirmative defense and reserves the right to

26

assert and rely on such other applicable affirmative defenses as may later become available or

27

apparent. Google further reserves the right to amend its answer and/or affirmative defenses

28

accordingly and/or to delete affirmative defenses that it determines are not applicable during the

1  course of subsequent discovery. Nothing stated herein constitutes a concession as to whether or not

2  Plaintiffs bear the burden of proof on any issue.

3                                    **PRAYER**

4          WHEREFORE, Google respectfully requests the Court:

5          1.   That Plaintiffs take nothing by their SAC;

6          2.   That the SAC be dismissed in its entirety with prejudice;

7          3.   That judgment be entered in favor of Google and against Plaintiffs;

8          4.   That Google be awarded reasonable attorneys' fees according to proof to the

9               extent permitted by applicable law;

10         5.   That Google be awarded its costs of suit incurred herein; and

11         6.   That Google be awarded such other and further relief as the Court may deem

12              appropriate.

13

14  Dated: November 6, 2025                  Respectfully submitted,

15                                           JONES DAY

16

17                                           By: */s/ Aaron L. Agenbroad*
                                                Aaron L. Agenbroad
18                                              Liat Yamini
                                                Wendy C. Butler
19                                              Christian A. Bashi

20                                           *Attorneys for Defendant Google LLC*

21

22

23

24

25

26

27

28