1  LEVY RATNER, P.C.
   Aleksandr L. Felstiner, Bar No. 281906
2  80 Eighth Avenue, Floor 8
   New York, NY 10011
3  Telephone:  +1.212.627.8100
   Facsimile:  +1.212.627.8182
4  Email: afelstiner@levyratner.com

   Dana Lossia, Bar No. 240984
5  80 Eighth Avenue, Floor 8
   New York, NY 10011
6  Telephone:  +1.212.627.8100
   Facsimile:  +1.212.627.8182
7  Email: dlossia@levyratner.com

8  *Attorneys for Plaintiffs*

   JONES DAY
   Aaron L. Agenbroad, Bar No. 242613
   555 California Street, 26th Floor
   San Francisco, CA 94104
   Telephone:  +1.415.626.3939
   Facsimile:  +1.415.875.5700
   Email: alagenbroad@jonesday.com

   Liat Yamini, Bar No. 251238
   555 South Flower Street, 50th Floor
   Los Angeles, CA 90071
   Telephone:  +1.213.489.3939
   Facsimile:  +1.213.243.2539
   Email: lyamini@jonesday.com

   Wendy C. Butler (*pro hac vice*)
   Christian A. Bashi (*pro hac vice*)
   250 Vesey Street
   New York, NY 10080
   Telephone:  +1.212.326.3723
   Facsimile:  +1.212.755.7306
   Email: wbutler@jonesday.com
   Email: cbashi@jonesday.com

   *Attorneys for Defendant Google LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| CHEYNE ANDERSON, JESUS CASTELLANO, TINA LIU, EVAN MCELHENY, HANNAH MIRZA, KATHLEEN O'BEIRNE, ZACHARY SIEGEL, ERIC SPISHAK-THOMAS, ALEC STORY, SETH TAYLOR, WILLIAM VAN DER LAAR, MARK WESLEY DUDLEY, RACHEL WESTRICK, JIAJUN XU, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>GOOGLE LLC,<br><br>*Defendant*. | Case No. 5:25-cv-03268-BLF<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: February 19, 2026<br>Time: 11:00 a.m.<br>Dept.: Courtroom 1<br>Judge: Hon. Beth Labson Freeman |

Plaintiffs Cheyne Anderson, Jesus Castellano, Tina Liu, Evan McElheny, Hannah Mirza, Kathleen O'Beirne, Zachary Siegel, Eric Spishak-Thomas, Alec Story, Seth Taylor, William Van Der Laar, Mark Wesley Dudley, Rachel Westrick, and Jiajun Xu, individually and on behalf of all others similarly situated (collectively, "Plaintiffs"), and Defendant Google LLC ("Google," and together with Plaintiffs, "Parties"), respectfully submit this Joint Case Management Statement pursuant to Civil Local Rule 16-9 and the Standing Order for All Judges of the Northern District of California in advance of the February 19, 2026 Case Management Conference.

### 1. Jurisdiction and Service

The Court has subject-matter jurisdiction over Plaintiffs' claims arising under federal law pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over state- and local-law claims under 28 U.S.C. § 1367(a). All parties have been served, and no parties remain to be served. There are no issues regarding personal jurisdiction or venue at this time. Depending on the Court's future rulings, Google may later assert objections to personal jurisdiction and/or supplemental jurisdiction with respect to Plaintiffs and/or absent class members.

### 2. Facts and Allegations

In this putative class action, 14 named Plaintiffs—all former Google employees—allege that Google unlawfully terminated their employment in retaliation for participating in a coordinated "Day of Action" on April 16, 2024 inside and outside Google's Sunnyvale and New York campuses. (ECF No. 46.) Plaintiffs allege that they participated in the Day of Action inside and outside Google's offices to oppose alleged discrimination against Palestinian, Arab, and Muslim employees and to demand that Google end its Project Nimbus contract. Plaintiffs assert their activities constituted protected activity under federal, state, and local laws, and seek to represent a putative class of approximately 50 former employees terminated for their participation in the Day of Action. Google disputes Plaintiffs' characterization of the April 16, 2024 events. Google asserts Plaintiffs were terminated for participating in a disruptive sit-in occupying Google workspace.

Google filed its Answer on November 6, 2025, denying Plaintiffs' allegations and asserting a number of defenses. (ECF No. 48.) Google asserts, among other things, that even if the April 16, 2024 conduct were protected (which Google asserts it was not), the disruptive nature of the conduct

stripped it of protection. Google also denies that Plaintiffs can satisfy the criteria for class certification under Rule 23 of the Federal Rules of Civil Procedure because, for example, Plaintiffs cannot establish that the class is sufficiently numerous, nor can they establish commonality or predominance. Google will oppose any motion for class certification.

**3.   Legal Issues**

The Parties anticipate the following disputed legal issues for resolution:

–   Whether Plaintiffs can satisfy the requirements of Rule 23(a) of the Federal Rules of Civil Procedure and one or more subdivisions of Rule 23(b) for any proposed class or subclass, including numerosity, commonality, typicality, adequacy, predominance, and/or superiority, as applicable, and whether subclasses are required.

–   Whether the named Plaintiffs and putative class members engaged in protected activity, and whether any adverse action was caused by such activity, under Title VII, 42 U.S.C. § 2000e-3(a); FEHA, Cal. Gov't Code § 12940(h); N.Y. Exec. L. § 296(e); N.Y.C. Admin. Code § 8-107(7); NYLL § 740; Cal. Lab. Code § 1102.5; and Wash. Rev. Code § 49.60.210.

–   Whether Google acted for legitimate, non-retaliatory reasons, and whether Plaintiffs can establish pretext under the foregoing statutes.

–   The proper measure of damages, if any, with respect to each named Plaintiff and (if a class is certified) putative class member.

–   Whether each named Plaintiff and (if a class is certified) putative class member's alleged damages, if any, should be reduced or barred based on individualized issues concerning, for example, mitigation of damages, after-acquired evidence, and the existence, extent, and availability of emotional distress damages.

**4.   Motions**

–   **Prior Motions**: Google moved to dismiss Plaintiffs' Amended Complaint on June 16, 2025. (ECF No. 22.) The Court granted the motion in part and denied it in part on September 18, 2025. (ECF No. 37.) Plaintiffs thereafter filed the operative Second Amended Complaint on October 7, 2025. (ECF No. 46.)

–   **Pending Motions**: There are no pending motions at this time.

1    – **Anticipated Motions**: The Parties anticipate motion practice including (1) Google's motion(s) for summary judgment as to the 14 named Plaintiffs; and (2) Plaintiffs' motion for class certification and/or Google's motion to strike or deny class certification. Google requests the Court's permission to file a separate motion for summary judgment as to each of the 14 named Plaintiffs. Plaintiffs consent to this request. Depending on the Court's rulings on those motions, the Parties may file additional motions, including *Daubert* or other evidentiary motions in advance of trial. Google also reserves the right to move to sever as appropriate.

**5.    Amendment of Pleadings**

At present, the Parties do not anticipate further amendments to the pleadings. Without prejudice to any rights under Rule 15 of the Federal Rules of Civil Procedure, the Parties propose that any motion to amend the pleadings or to join additional parties be filed no later than March 13, 2026—approximately 30 days from the filing of this Joint Case Management Statement—except as provided under Rule 16(b)(4). If the Court does not certify a class, Plaintiffs reserve the right to seek leave to amend to join additional persons within 30 days of the Court's ruling on class certification. Google opposes this request and will object to any such efforts by Plaintiffs.

**6.    Evidence Preservation**

The Parties certify that they have reviewed the Northern District of California's Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), including the Checklist for the ESI Meet and Confer, and that they have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action. The Parties will work cooperatively to continue their dialogue regarding reasonable preservation as the case continues.

**7.    Disclosures**

As of the filing of this Statement, the Parties have not yet exchanged initial disclosures. The Parties will exchange their initial disclosures no later than March 5, 2026, absent further order of the Court or stipulation.

**8.    Discovery**

Google served its first sets of Requests for Production and Interrogatories on Plaintiffs on

January 22, 2026.

Because Plaintiffs seek to certify a class action, the Parties propose that discovery in this case proceed in two phases. The Parties believe that a phased approach is warranted because class certification is a threshold issue that will have a significant impact on future proceedings, particularly with respect to damages discovery (and related expert disclosures). For example, the Court's ruling on class certification will determine whether the Parties require full damages discovery (including relating to mitigation efforts) with respect to absent class members. Although the phased approach does not limit the scope of first phase discovery, the Parties anticipate that they can achieve significant efficiencies by allowing the Parties to defer until the second phase any discovery that is not necessary for briefing on class certification and summary judgment as to each Plaintiff's individual claims. Notwithstanding the foregoing, the Parties reserve all rights to assert any and all appropriate objections to discovery requests in the first phase.

The Parties agree to address any ESI issues, including whether to enter into an ESI order, on a cooperative, rolling basis if and when they arise. The Parties do not foresee the need to modify any discovery rules, except as follows: In addition to the depositions otherwise permitted under the Federal Rules of Civil Procedure, Google may also depose each named Plaintiff.

### 9.   Class Actions

The Parties anticipate briefing class certification consistent with the schedule set forth in Section 15 below. All attorneys of record have reviewed the Procedural Guidance for Class Action Settlements.

Pursuant to Local Rule 16-9(b), Plaintiffs further state: (a) this action is maintainable as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and 23(b)(1)(A), 23(b)(2) and 23(b)(3), (b) the proposed class in whose behalf the action is brought are former Google employees whose employment was terminated by Defendant because of their participation on the April 16, 2024, and (c) Plaintiffs are entitled to maintain this action under Fed. R. Civ. P. 23(a) and (b) because approximately fifty (50) or more Google employees engaged in protected activity on the same day, for the same purposes, and were terminated by Googler for doing so; the class members are located in various locations throughout the United States, making one forum for litigation more efficient;

1  and common questions of fact and law predominate over those affecting individual class members,
2  including factual questions about the workplace conduct policies in effect at Google; the
3  enforcement of such policies in practice; the investigation and decision-making steps leading up to
4  the terminations of class members; the more favorable treatment of counter-protesters who were
5  not opposing discrimination against Arab, Palestinian and Muslim Google employees; the common
6  elements of conduct of class members on April 16, 2024; and the conduct of Google on April 16,
7  2024, among other common factual issues.

### 10. Related Cases

This action is related to *Joelle Skaf v. Google LLC*, No. 1:25-cv-06029-JMF (S.D.N.Y.), as well as certain Equal Employment Opportunity Commission charges. The Parties are not presently aware of any related case pending before another judge of this Court within the meaning of Civil Local Rule 3-12, and will promptly notify the Court if additional potentially related proceedings are identified.

### 11. Relief

Plaintiffs seek declaratory and injunctive relief to restrain further violations of the statutes at issue; equitable relief in the form of reinstatement, back pay with interest for the lost wages caused by the unlawful discharges, less mitigation, front pay to the extent that reinstatement is not practicable, and lost fringe benefits; compensatory and consequential damages; punitive damages; attorneys' fees and costs, including expert fees and costs; service awards to the named Plaintiffs; and such other and further relief as the Court deems just and proper. Google denies liability and denies that Plaintiffs or any putative class members are entitled to any form of relief. Google further denies that class certification is appropriate.

### 12. Settlement and ADR

The Parties have not engaged in substantive settlement discussions to date. Plaintiffs are in favor of a referral to the Magistrate Judge for a settlement conference after the production of initial disclosures. Google presently views settlement as premature. The Parties have reviewed the Court's Alternative Dispute Resolution Procedures Handbook, complied with ADR L.R. 3-5 by meeting and conferring regarding available ADR processes, and have filed their ADR Certifications.

**13.     Other References**

The Parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation at this time.

**14.     Narrowing of Issues**

The Parties identify the following as the most consequential issues in this case and propose ways to expedite their resolution:

– **Phased Discovery.** To promote efficiency and expedite the proceedings, the Parties propose an initial phase of discovery culminating in briefing on class certification and summary judgment as to the named Plaintiffs' individual claims. The Parties propose allowing a short period of "phase 2" discovery after the ruling on those motions. This will promote efficiency by allowing the Parties to defer certain discovery, such as damages discovery, to the second phase. This phased approach is more efficient because depending on the Court's rulings on the first-phase motions, certain discovery, such as damages discovery on unnamed class members, may not be required.

**15.     Scheduling**

The Parties jointly propose the following case schedule:

| Date | Event |
|---|---|
| Initial Disclosures | March 5, 2026 |
| Amendment/Joinder Deadline | March 13, 2026 |
| Phase 1 Discovery Cutoff | September 18, 2026 |
| *Summary Judgment Motion(s)* | |
| Filing | December 7, 2026 |
| Opposition | February 5, 2027 |
| Reply | March 22, 2027 |
| Hearing | April 2027, or as convenient to the Court |
| *Class Certification Motion* | |
| Filing | March 1, 2027 |
| Opposition | April 15, 2027 |

| Reply | May 14, 2027 |
|---|---|
| Hearing | June 2027, or as convenient to the Court |
| Phase 2 Discovery Opens | Day of the Court's ruling on the summary judgment and class certification motions ("Phase 1 Motions") |
| Phase 2 Discovery Cutoff (including expert/damages discovery) | 120 days after ruling on Phase 1 Motions |
| Expert Disclosures | 60 days after ruling on Phase 1 Motions |
| Rebuttal Expert Disclosures | 90 days after ruling on Phase 1 Motions |
| Final Pretrial Conference | 180 days after ruling on Phase 1 Motions |

### 16. Trial

Plaintiffs have demanded a jury trial. Issues triable to a jury will be tried by a jury, and any issues reserved to the Court will be tried by the Court. The Parties cannot anticipate the length of trial until such time as the Court rules on class certification and Google's motion(s) for summary judgment on the 14 named Plaintiffs' individual claims.

### 17. Disclosure of Non-Party Interested Entities or Persons

Pursuant to Civil Local Rule 3-15, each Party has filed a Certification of Interested Entities or Persons. (*See* ECF Nos. 19, 23.)

Plaintiffs recertify that as of this date, there is no conflict of interest to report.

Google recertifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

- 1. Google LLC;
- 2. XXVI Holdings Inc., Holding Company of Google LLC; and
- 3. Alphabet Inc., Holding Company of XXVI Holdings Inc.

### 18. Professional Conduct

All counsel of record for the Parties confirm that they have reviewed the Northern District

of California's Guidelines for Professional Conduct.

**19.   Other**

The Parties are not presently aware of any additional matters that require the Court's attention to facilitate the just, speedy, and inexpensive disposition of this case.

Dated: February 12, 2026

LEVI RATNER, P.C.

By:  *s/ Dana Lossia*
    Aleksandr L. Felstiner
    Dana Lossia

*Attorneys for Plaintiffs Cheyne Anderson, Jesus Castellano, Hannah Mirza, Kathleen O'Beirne, Seth Taylor, William Van Der Laar, Mark Wesley Dudley, Rachel Westrick, and Jiajun Xu*

Respectfully submitted,

JONES DAY

By:  *s/ Liat L. Yamini*
    Aaron L. Agenbroad
    Liat L. Yamini
    Wendy C. Butler
    Christian A. Bashi

*Attorneys for Defendant Google LLC*

**ATTESTATION**

I, Liat L. Yamini, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that counsel of record for all Parties have concurred in this filing.

                                                *s/ Liat L. Yamini*
                                                   Liat L. Yamini

**[PROPOSED] CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: _____        By: _____
                                         HON. BETH LABSON FREEMAN
                                         UNITED STATES DISTRICT JUDGE